UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF ARKANSAS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

NOV 17 2005

CHRIS R. JOHNSON, CLERK
BY _Sallie Hicks_
DEPUTY CLERK

| | |
|---|---|
| McCOURT MANUFACTURING, INC., an Arkansas corporation,<br><br>        Plaintiff,<br><br>v.<br><br>LIFETIME PRODUCTS, INC., a Utah corporation,<br><br>        Defendant. | Case No. 05-2161<br><br>**COMPLAINT FOR:**<br>**(1) DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,832,563;**<br>**(2) DECLARATORY JUDGMENT OF U.S. PATENT NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,848,370;**<br>**(3) DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,895,872;**<br>**(4) DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,915,748;**<br>**(5) UNFAIR BUSINESS PRACTICES (ARKANSAS UNFAIR PRACTICES ACT § 4-75-201 et seq.); AND**<br>**(6) ANTITRUST VIOLATION OF SECTION 2 OF THE SHERMAN ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, McCOURT MANUFACTURING, INC. ("McCourt"), by and through its designated attorneys, hereby complains against Defendant LIFETIME PRODUCTS, INC. ("Lifetime") and alleges as follows:

## THE PARTIES

1.    Plaintiff McCourt is a corporation duly organized and existing under the laws of the State of Arkansas, 72901, with its principal place of business at 1001 N. 3rd St., Fort Smith, Arkansas, 72901.

2.     On information and belief, Defendant Lifetime is a corporation organized and existing under the laws of the State of Utah, with its principal place of business in the City of Clearfield, Davis County, Utah.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over all claims for declaratory judgment of patent non-infringement and invalidity alleged herein under 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and under the laws of the United States concerning patents, 35 U.S.C §§ 101 et seq. This Court has supplemental jurisdiction over all other claims under 28 U.S.C §§ 1367(a) and 1338(b).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)   the venue statute applicable to declaratory judgment actions. Venue is proper under §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims   the alleged infringing activity   occurred or will occur in this judicial district. Alternatively, venue is proper in this district under § 1391(b) because defendant "resides" in the State of Arkansas, and in this judicial district, as the term "reside" is defined in § 1391(c), because the defendant's contacts with this judicial district are sufficient to render it amenable to personal jurisdiction in this district.

## SUMMARY OF FACTS

### The Patents At Issue

5.     On December 21, 2004, United States Letters Patent No. 6,832,563 entitled "Portable Folding Utility Table With Integral Receiving Members" (hereinafter "the '563 Patent") issued to assignee Lifetime. The named inventor on the '563 Patent is Carl R. Stanford. On information and belief, Defendant Lifetime is the current assignee of the '563 Patent. A true and correct copy of the '563 Patent is attached hereto as Exhibit A.

6.     On February 1, 2005, United States Letters Patent No. 6,848,370 entitled "Table With Pivotally Attached Legs" (hereinafter "the '370 Patent") issued to assignee Lifetime. The

named inventor on the '370 Patent is Carl R. Stanford.  On information and belief, Defendant Lifetime is the current assignee of the '370 Patent.  A true and correct copy of the '370 Patent is attached hereto as Exhibit B.

7.       On May 24, 2005, United States Letters Patent No. 6,895,872 entitled "Portable Folding Utility Table With Frame Connected to Integral Lip" (hereinafter "the '872 Patent") issued to assignee Lifetime.  The named inventor on the '872 Patent is Carl R. Stanford.  On information and belief, Defendant Lifetime is the current assignee of the '872 Patent.  A true and correct copy of the '872 Patent is attached hereto as Exhibit C.

8.       On July 12, 2005,  United States Letters Patent No. 6,915,748 entitled "Table With Foldable Legs" (hereinafter "the '748 Patent") issued to assignee Lifetime.  The named inventor on the '748 Patent is Carl R. Stanford.  On information and belief, Defendant Lifetime is the current assignee of the '748 Patent.  A true and correct copy of the '748 Patent is attached hereto as Exhibit D.  The '563, '370, '872, and '748 Patents are collectively referred to as "the patents at issue."

**Lifetime v. McCourt**

9.       On July 19, 2005, Defendant Lifetime filed a patent infringement action in the District of Utah against McCourt for infringement of the '563, '370, and '872 Patents (hereinafter "the First Action").  *Lifetime Products, Inc. v. McCourt Manufacturing, Inc.*, Utah District Court Case No. 1:05CV00094 (TC).  A true and correct copy of the July 19, 2005 Complaint (without exhibits) is attached hereto as Exhibit E.

10.       On August 19, 2005, Defendant Lifetime amended its complaint in the First Action to add the '748 Patent.  In addition, Lifetime amended its complaint to add McCourt's customer, Daniel Paul Chairs, LLC ("Daniel Paul") as a defendant thereto.  A true and correct copy of the August 19, 2005 First Amended Complaint (without exhibits) is attached hereto as Exhibit F.

11.       In its complaint filed August 19, 2005, Defendant Lifetime alleged that McCourt and Daniel Paul have been infringing on the patents at issue.

12.     Pursuant to Fed.R.Civ.P. 4(m), Lifetime had 120 days to serve process upon Plaintiff McCourt. Although Lifetime has failed to perfect service of process within that period, it continues in its allegations of patent infringement. Lifetime further continues in its insistence that McCourt take a license of the patents at issue.

**Unfair Business Practices**

13.     On information and belief, prior to amending the First Action on August 19, 2005, Defendant Lifetime contacted McCourt's customer, Daniel Paul, and threatened Daniel Paul with patent infringement.

14.     On information and belief, Lifetime informed Daniel Paul that the tables Daniel Paul bought from McCourt infringed the patents at issue. Lifetime asserted that in order to continue selling McCourt tables, Daniel Paul needed to take a license of the patents at issue.

15.     Plaintiff and Defendant discussed settlement and an amicable resolution to the dispute between McCourt and Lifetime. McCourt tendered its final settlement offer on November 15, 2005. However, Lifetime rejected Plaintiff McCourt's offer and indicated its intention to pursue its claims against McCourt in addition to claims against McCourt's customers.

**Antitrust Violations**

16.     On information and belief, Lifetime has an estimated market share in blow-molded tables exceeding thirty-five percent (%35).

17.     On information and belief, Defendant Lifetime has threatened and intimidated customers of McCourt with the assertion that Lifetime has many patents, including patents for blow-molded tables other than those asserted in this litigation, and that such customers would be liable for patent infringement if such customers purchased such tables from McCourt or another competitor of Lifetime.

18.     On information and belief, the claims of the patents at issue are invalid and/or unenforceable and/or void for reasons including, without limitation, failure to comply with one

or more of the provisions and requirements of Title 35 of the United States Code including, but not limited to, §§ 101, 102, 103, and/or 112 thereof.

19.     On information and belief, this litigation is a mere "sham proceeding" initiated and maintained by Lifetime in an attempt to establish a monopoly in the market for blow-molded tables.

## FIRST CLAIM

### Declaration of Non-Infringement and Invalidity of U.S. Patent No. 6,832,563

20.     Plaintiff McCourt hereby incorporates by reference each allegation contained above in paragraphs 1 through 19 as though set forth herein in their entirety.

21.     This complaint is for a declaratory judgment that the claims of the '563 Patent, as defined herein, are void, and not infringed by any act of McCourt. Lifetime claims to be the owner of the '563 Patent and had brought suit against McCourt for alleged infringement of the claims of the '563 Patent.

22.     As a result of Defendant's actions, statements, and the totality of the circumstances detailed above, an actual controversy now exists between Plaintiff and Defendant based upon Lifetime having filed a complaint against McCourt alleging infringement of the '563 Patent. An actual and justifiable controversy exists between Lifetime and McCourt as to the infringement, validity, and enforceability of the '563 Patent.

23.     McCourt has suffered, is suffering, and will continue to suffer irreparable harm and damage due to Lifetime's filing of the First Action asserting a patent that is invalid, unenforceable, void and/or not infringed. Unless Lifetime is enjoined from continuing their wrongful acts as alleged herein, the irreparable and other harm and damage to McCourt will continue and will increase.

24.     Based on Defendant's statements and conduct and the totality of the circumstances detailed above, McCourt remains reasonably apprehensive that Defendant will file another suit against Plaintiff alleging infringement of the '563 Patent.

25.     McCourt has no adequate remedy at law.

26.     McCourt does not infringe and has not infringed (either directly, contributorily, or by inducement) any claims of the '563 Patent.

27.     The '563 Patent is invalid and/or unenforceable by reason of Lifetime's failure to comply with one or more of the requirements specified in 35 U.S.C. §§ 101, 102, 103, 112, and/or 135 by failing to disclose certain material information to the U.S. Patent and Trademark Office.

28.     Therefore, Plaintiff McCourt hereby seeks entry of a declaratory judgment that it does not infringe any valid and enforceable claim (if any) of the '563 Patent.

### SECOND CLAIM

**Declaration of Non-Infringement and Invalidity of U.S. Patent No. 6,848,370**

29.     Plaintiff McCourt hereby incorporates by reference each allegation contained above in paragraphs 1 through 28 as though set forth herein in their entirety.

30.     This complaint is for a declaratory judgment that the claims of the '370 Patent, as defined herein, are void, and not infringed by any act of McCourt.  Lifetime claims to be the owner of the '370 Patent  and gad brought suit against McCourt for alleged infringement of the claims of the '370 Patent.

31.     McCourt has suffered, is suffering, and will continue to suffer irreparable harm and damage due to Lifetime's filing of the First Action asserting a patent that is invalid, unenforceable, void and/or not infringed.  Unless Lifetime is enjoined from continuing their wrongful acts as alleged herein, the irreparable and other harm and damage to McCourt will continue and will increase.

32.     As a result of Defendant's actions, statements, and the totality of the circumstances detailed above, an actual controversy now exists between Plaintiff and Defendant based upon Lifetime having filed a complaint against McCourt alleging infringement of the '370 Patent.  An actual and justifiable controversy exists between Lifetime and McCourt as to the infringement, validity, and enforceability of the '370 Patent.

33.     Based on Defendant's statements and conduct and the totality of the circumstances detailed above, McCourt remains reasonably apprehensive that Defendant will file another suit against Plaintiff alleging infringement of the '370 Patent.

34.     McCourt has no adequate remedy at law.

35.     McCourt does not infringe and has not infringed (either directly, contributorily, or by inducement) any claims of the '370 Patent.

36.     The '370 Patent is invalid and/or unenforceable by reason of Lifetime's failure to comply with one or more of the requirements specified in 35 U.S.C. §§ 101, 102, 103, 112, and/or 135 by failing to disclose certain material information to the U.S. Patent and Trademark Office.

37.     Therefore, Plaintiff McCourt hereby seeks entry of a declaratory judgment that it does not infringe any valid and enforceable claim (if any) of the '370 Patent.

## THIRD CLAIM

### Declaration of Non-Infringement and Invalidity of U.S. Patent No. 6,895,872

38.     Plaintiff McCourt hereby incorporates by reference each allegation contained above in paragraphs 1 through 37 as though set forth herein in their entirety.

39.     This complaint is for a declaratory judgment that the claims of the '872 Patent, as defined herein, are void, and not infringed by any act of McCourt. Lifetime claims to be the owner of the '872 Patent and had brought suit against McCourt for alleged infringement of the claims of the '872 Patent.

40.     McCourt has suffered, is suffering, and will continue to suffer irreparable harm and damage due to Lifetime's filing of the First Action asserting a patent that is invalid, unenforceable, void and/or not infringed. Unless Lifetime is enjoined from continuing their wrongful acts as alleged herein, the irreparable and other harm and damage to McCourt will continue and will increase.

41.     As a result of Defendant's actions, statements, and the totality of the circumstances detailed above, an actual controversy now exists between Plaintiff and Defendant

based upon Lifetime having filed a complaint against McCourt alleging infringement of the '872 Patent. An actual and justifiable controversy exists between Lifetime and McCourt as to the infringement, validity, and enforceability of the '872 Patent.

42.     Based on Defendant's statements and conduct and the totality of the circumstances detailed above, McCourt remains reasonably apprehensive that Defendant will file another suit against Plaintiff alleging infringement of the '872 Patent.

43.     McCourt has no adequate remedy at law.

44.     McCourt does not infringe and has not infringed (either directly, contributorily, or by inducement) any claims of the '872 Patent.

45.     The '872 Patent is invalid and/or unenforceable by reason of Lifetime's failure to comply with one or more of the requirements specified in 35 U.S.C. §§ 101, 102, 103, 112, and/or 135 by failing to disclose certain material information to the U.S. Patent and Trademark Office.

46.     Therefore, Plaintiff McCourt hereby seeks entry of a declaratory judgment that it does not infringe any valid and enforceable claim (if any) of the '872 Patent.

## FOURTH CLAIM

### Declaration of Non-Infringement and Invalidity of U.S. Patent No. 6,915,748

47.     Plaintiff McCourt hereby incorporates by reference each allegation contained above in paragraphs 1 through 46 as though set forth herein in their entirety.

48.     This complaint is for a declaratory judgment that the claims of the '748 Patent, as defined herein, are void, and not infringed by any act of McCourt. Lifetime claims to be the owner of the '748 Patent and had brought suit against McCourt for alleged infringement of the claims of the '748 Patent.

49.     McCourt has suffered, is suffering, and will continue to suffer irreparable harm and damage due to Lifetime's filing of the First Action asserting a patent that is invalid, unenforceable, void and/or not infringed. Unless Lifetime is enjoined from continuing their

wrongful acts as alleged herein, the irreparable and other harm and damage to McCourt will continue and will increase.

50.     As a result of Defendant's actions, statements, and the totality of the circumstances detailed above, an actual controversy now exists between Plaintiff and Defendant based upon Lifetime having filed a complaint against McCourt alleged infringement of the '748 Patent.  An actual and justifiable controversy exists between Lifetime and McCourt as to the infringement, validity, and enforceability of the '748 Patent.

51.     Based on Defendant's statements and conduct and the totality of the circumstances detailed above, McCourt remains reasonably apprehensive that Defendant will file another suit against Plaintiff alleging infringement of the '748 Patent.

52.     The '748 Patent is invalid and/or unenforceable by reason of Lifetime's failure to comply with one or more of the requirements specified in 35 U.S.C. §§ 101, 102, 103, 112, and/or 135 by failing to disclose certain material information to the U.S. Patent and Trademark Office.

53.     Therefore, Plaintiff McCourt hereby seeks entry of a declaratory judgment that it does not infringe any valid and enforceable claim (if any) of the '748 Patent.

## FIFTH CLAIM

### Unfair Business Practices (Arkansas Unfair Practices Act  § 4-75-201 et seq.)

54.     Plaintiff McCourt hereby incorporates by reference paragraphs 1 through 53 as though set forth herein in their entirety.

55.     Based on information and belief, Lifetime has contacted Plaintiff's customers and fraudulently informed them that they are infringing on the asserted patents.

56.     Based on information and belief, Lifetime has further caused Plaintiff irreparable harm in its attempt to curtail Plaintiff's business activities by asserting a patent infringement claim against McCourt's customers based on the patents at issue here.

57.     Arkansas Unfair Practices Act sections 4-75-201 et seq. prohibit acts which constitute "unfair and discriminatory practices by which fair and honest competition is destroyed

or prevented." The actions of Lifetime, as alleged above, including contacting and threatening to assert patent infringement claims against McCourt's customers with the intent to injure competitors like McCourt, constitute unfair business acts or practices within the meaning of Arkansas Unfair Practices Act sections 4-75-201 et seq..

58.     As a result of Defendant Lifetime's past and continued wrongdoing, Plaintiff has incurred and continue to incur injury to its reputation and good will in an amount to be proven at trial. Plaintiff has further suffered and continue to suffer injury to its reputation and good will in an amount to be proven at trial

59.     Plaintiff has been, and without this Court's intercession will continue to be, irreparably harmed by Lifetime's unfair and wrongful business practices. Plaintiff has no adequate remedy at law to prevent this irreparable harm. Plaintiff is thus entitled to an injunction prohibiting Lifetime from continuing to engage in the same or similar unfair business practices.

## SIXTH CLAIM

### Antitrust Violation of Section 2 of the Sherman Act

60.     Plaintiff McCourt hereby incorporates by reference each allegation contained above in paragraphs 1 through 59 as though set forth herein in their entirety.

61.     The patents at issue are invalid and unenforceable based on Defendant's failure to disclose to the U.S. Patent and Trademark Office material prior art and prior sales activity associated with Defendant's blow-molded table products, including but not limited to a six-foot utility table having a blow-molded top, hollow lip, hollow securing members, and folding metal leg structure, all of which would have been highly material to the decision of whether to issue the '563, '370, '872, and '748 patents. Defendant's failure to disclose material prior art was fraudulent or at least done in reckless disregard of the Patent Applicant's duty of candor to the U.S. Patent and Trademark Office.

62.     Defendant's failure to disclose prior art and prior sales activity associated with Defendant's blow-molded table products, including but not limited to a six-foot utility table having a blow-molded top, hollow lip, and folding metal leg structure, allowed the U.S. Patent

and Trademark Office to grant the patents at issue despite the existence of the prior art and prior sales activity.

63.    On information and belief, Lifetime knew or should have known of the fraudulent omission and the invalidity and unenforceability of the patents at issue when threatening, initiating, and/or maintaining the First Action. Furthermore, despite this knowledge, Defendant Lifetime failed to disclose to the court and McCourt the invalidity and unenforceability of the patents at issue.

64.    No reasonable litigant in Lifetime's position could realistically have expected success on the merits of the First Action knowing the invalidity and unenforceability of the patents at issue. Thus, Defendant Lifetime's First Action was objectively baseless.

65.    On information and belief, Lifetime has an estimated market share in blow-molded tables exceeding thirty-five percent (%35).

66.    On information and belief, Lifetime has threatened and intimidated customers of McCourt with the assertion that Lifetime has many patents, including patents for blow-molded tables other than those asserted here, and that such customers would be liable for patent infringement if such customers purchased such tables from McCourt or another competitor of Defendant Lifetime.

67.    Lifetime has filed at least ten other suits alleging infringement of the patents at issue or related patents against other competitors of Lifetime, some of which have been settled and others which are ongoing. Summary judgments of invalidity have been granted against several of Lifetime's patent claims in at least two United States District Courts. The Lifetime patents asserted in the First Action are continuations of a Lifetime patent in which some of the patent claims have been ruled invalid. Lifetime's prolific infringement litigation also indicates that Lifetime is ready, willing, and able to file additional suits against competitors in the future.

68.    Lifetime's conduct, including Lifetime's initiation and maintenance of the First Action, constitutes a series of continuous predatory or anticompetitive conduct, which indicates

specific intent by Lifetime to monopolize the market on blow-molded tables through the use of threats and litigation on the basis of knowingly invalid and unenforceable patents.

69.    Lifetime's continuous conduct and the former and potential future suits raise the specter of monopoly power with regard to blow-molded tables, and as such, there is a dangerous probability of Lifetime achieving monopoly power.

70.    Lifetime's assertion of the knowingly invalid and unenforceable patents at issue in this and previous litigations, threats of litigation and concealment of evidence indicate subjective intent of Lifetime to use litigation and the court process to interfere with McCourt's, McCourt's customers, and other competitors' business relationships.

71.    On information and belief, the First Action was a mere "sham proceeding" initiated and maintained by Lifetime in an attempt to continue monopolizing the market for blow-molded tables in violation of Section 2 of the Sherman Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered by this Court in its favor and against the Defendant, providing the following relief:

A.    The entry of a Declaratory Judgment that Plaintiff has not committed any act that would constitute direct or contributory infringement of any valid and enforceable claim (if any) of the '563 Patent;

B.    The entry of a Declaratory Judgment that Plaintiff has not committed any act that would constitute direct or contributory infringement of any valid and enforceable claim (if any) of the '370 Patent;

C.    The entry of a Declaratory Judgment that Plaintiff has not committed any act that would constitute direct or contributory infringement of any valid and enforceable claim (if any) of the '872 Patent;

D.    The entry of a Declaratory Judgment that Plaintiff has not committed any act that would constitute direct or contributory infringement of any valid and enforceable claim (if any) of the '748 Patent;

E.    The entry of a Declaratory Judgment that the '563 Patent is invalid void, and/or unenforceable;

F.    The entry of a Declaratory Judgment that the '370 Patent is invalid void, and/or unenforceable;

G.    The entry of a Declaratory Judgment that the '872 Patent is invalid void, and/or unenforceable;

H.    The entry of a Declaratory Judgment that the '748 Patent is invalid void, and/or unenforceable;

I.    The entry of a Declaratory Judgment that McCourt has not infringed and is not infringing any other patent which may be owned by Lifetime;

J.     That this Court render a judicial determination of the rights and liabilities of the parties and enter a decree to the effect that Lifetime's attempted enforcement of the patents at issue be adjudged and decreed to be unlawful and in violation of the Antitrust laws;

K.     A finding that this case is an exceptional case and awarding Plaintiff's reasonable attorney's fees pursuant to 35 U.S.C. § 285;

L.     The entry of an Order enjoining Lifetime from unfairly competing with Plaintiff;

M.     The entry of an Order for Lifetime to account for all monies received from their unfair activities;

N.     The entry of an Order for Lifetime to disgorge any other ill-gotten gains;

O.     An award of civil penalties pursuant to Arkansas Unfair Practices Act section 4-75-212 of one thousand dollars ($1000) per violation of the act;

P.     An award of attorney's fees and costs incurred in connection with this suit;

Q.     An award of interest, including pre judgment interest, at the legal rate; and

R.     An award of such further and other relief as the Court deems appropriate.

Dated:  November 16, 2005

John G. Flaim
Pamela J. Wong
BAKER & MCKENZIE
101 West Broadway · Twelfth Floor
San Diego, CA  92101-3890
Telephone 619-236-1441
Counsel for Plaintiff

By: *James M. Llewellyn, Jr.*
James M. Llewellyn, Jr., #66040
Thompson and Llewellyn, P.A.
412 South 18th Street
P. O. Box 818
Fort Smith, AR  72902-0818
Telephone:     479-785-2867
Facsimile:      479-782-8046

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury as to all issues so triable.

Dated:  November 16, 2005

John G. Flaim
Pamela J. Wong
BAKER & MCKENZIE
101 West Broadway    Twelfth Floor
San Diego, CA  92101-3890
Telephone 619-236-1441
Counsel for Plaintiff

By:  _James M. Llewellyn_

James M. Llewellyn, Jr., #66040
Thompson and Llewellyn, P.A.
412 South 18th Street
P. O. Box 818
Fort Smith, AR  72902-0818
Telephone:      479-785-2867
Facsimile:      479-782-8046